IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 AUG -2 A 8: 15

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| KIMBERLY BOULINEAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV106-116 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Kimberly Boulineau ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") payments under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

---

[1] The Court takes judicial notice that on February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of the United States Social Security Administration. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk is **DIRECTED** to substitute Michael J. Astrue as Defendant in this case.

# I. **BACKGROUND**

Based on claims of disability dating back to September 1, 1997, Plaintiff applied for SSI on March 26, 2003. Tr. ("R"), pp. 40-44, 113. The Social Security Administration denied Plaintiff's application and her request for reconsideration. R. 21-24, 31-33. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 34. Represented by counsel, Plaintiff appeared and testified at a Video Teleconference Hearing on January 17, 2006.[2] The ALJ then issued an unfavorable decision dated March 1, 2006. R. 9-18.

Applying the five-step sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's Marfan's syndrome and borderline intellectual functioning are considered "severe" based on the requirements in the Regulations (20 CFR § 416.920).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant has no past relevant work (20 CFR § 416.965), but she has the residual functional capacity to perform a significant range of sedentary work involving simple, repetitive tasks (20 CFR § 416.967).

5. Although the claimant's exertional limitations do not allow her to perform the full range of sedentary work, based on the claimant's age (21 years) and limited education (20 CFR § 416.964), using Medical-Vocational Rule 201.24 as a framework for decision-making, there are a significant number of occupations with jobs in the national economy that she could perform. Therefore, the claimant was not

---

[2]Plaintiff's cousin also testified at the hearing. R. 435-39.

under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(g)).

R. 17-18.

When the Appeals Council ("AC") denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. R. 4-7. Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff now argues that: (1) the Commissioner's finding that Plaintiff has the Residual Functional Capacity ("RFC") to perform a full range of sedentary work is not supported by substantial evidence in the record, and (2) the Commissioner erred in relying exclusively on the Medical-Vocational Guidelines ("the Grids") rather than obtaining the testimony of a vocational expert ("VE") to determine whether there is other work in the national economy that Plaintiff could perform.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference,

the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Because Plaintiff's second allegation of error is dispositive of this case, the Court will focus its analysis on the need for obtaining testimony from a VE.[3]

At step four of the sequential evaluation process, the ALJ determined that Plaintiff had no past relevant work but had the residual functional capacity to perform a "significant range" of sedentary work involving simple, repetitive tasks.[4] R. 17. Thus, the burden shifted to the Commissioner to show the existence of other types of substantial gainful employment that Plaintiff could perform given her age, education, previous work experience, and RFC. See Phillips v. Barnhart, 357 F.3d 1232, 1239 (11th Cir. 2004). In this regard, the ALJ relied exclusively on the Grids, choosing not to obtain the testimony of a VE. Upon review of the record, the Court finds that under the circumstances of this case, the ALJ should have consulted a VE.

---

[3]The Court also notes that Plaintiff's characterization of her first issue concerning the Commissioner's alleged error in determining that she has the RFC to perform a full range of sedentary work is not entirely correct in that, as set forth above, the ALJ expressly stated that "claimant's exertional limitations do not allow her to perform the full range of sedentary work." R. 18 (emphasis added).

[4]Sedentary work involves:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a).

As the Eleventh Circuit has ruled:

> The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform. However, "[e]xclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." Therefore, we must determine whether *either* of these two conditions exists in this case. If *either* condition exists, the ALJ was required to consult a vocational expert.

Phillips, 357 F.3d at 1242 (internal citations omitted) (emphasis in original); see also MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986) ("When there have been non-exertional factors . . . *alleged*, the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert." (Emphasis added)).

The terms "exertional" and "nonexertional" have been explained as follows:

> The terms . . . describe types of functional limitations or restrictions resulting from a medically determinable physical or mental impairment. Exertional limitations affect an individual's ability to meet the seven strength demands of the job: sitting, standing, walking, lifting, carrying, pushing, and pulling. Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all physical limitations that are not included in the seven strength demands.

Phillips, 357 F.3d at 1252 n.11 (internal citations omitted).

Here, the ALJ determined that Plaintiff's exertional limitations prevented her from performing the full range of sedentary work and concluded that the significant range of work that Plaintiff could perform at the sedentary level was limited to simple, repetitive tasks. R. 17-18. However, as described above, for the ALJ to properly rely exclusively on the Grids, he must find that the claimant can perform "a full range of work at a given residual

6

functional level." Phillips, 357 F.3d at 1242. In the Eleventh Circuit, "a full range of employment" is equated to a finding of being able to do "unlimited" types of work at the given exertional level. Id. Nowhere in his opinion does the ALJ in this case find that Plaintiff can perform "unlimited" types of sedentary work. Absent this finding from the ALJ that Plaintiff can "perform a full range or unlimited types of work at the sedentary level given her exertional limitations," the ALJ must consult a VE to satisfy the Commissioner's burden at step five of the sequential evaluation process. Id.

Moreover, as the Commissioner concedes (Comm'r Br., p. 10), the ALJ's determination that Plaintiff was restricted to simple, repetitive tasks is a nonexertional limitation. Indeed, the ALJ adopted the findings of Cal VanderPlate, Ph.D. and state agency consultant who completed a Psychiatric Review Technique Form on Plaintiff,[5] that Plaintiff has moderate difficulties in maintaining concentration, persistence, and pace.[6] R. 15, 348. The Commissioner attempts to argue away the effects of this concession by asserting that this acknowledged nonexertional limitation does not preclude exclusive use of the Grids because the Grids contemplate an individual limited to performing unskilled work, which is defined as work that needs little or no judgment to do simple duties that can be learned on the job in a short period of time. Comm'r Br., p. 10 (citing 20 C.F.R. Part 404, Subpt. P., App. 2, Rule

---

[5] According to Social Security Ruling 96-6p, findings of fact made by State agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review.

[6] Although the Commissioner also acknowledged Dr. VanderPlate's findings in the factual portion of his brief (Comm'r Br., p. 4), he did not discuss Dr. VanderPlate's findings when arguing that the findings of other state agency consultants supported the ALJ's conclusions on Plaintiff's RFC (id. at 8, 13).

200.00(b) and 20 C.F.R. § 416.968(a)). The argument is unavailing because as set forth above, if *either* a claimant is unable to perform a full range of work *or* there are nonexertional impairments that significantly limit basic work skills, a VE must be consulted. Phillips, 357 F.3d at 1242. Thus, although Plaintiff and the Commissioner argue over the severity of Plaintiff's impairments and whether they "significantly" limit her ability to perform basic work activities,[7] the fact remains that in addition to finding some level of nonexertional limitation for Plaintiff, the ALJ concluded that *exertional* limitations prevented Plaintiff from performing the full range of sedentary work. Therefore, Eleventh Circuit case law requires that the case be remanded to obtain testimony from a VE. Id. ("If the ALJ concludes that [the claimant] cannot perform a full range or unlimited types of work at the sedentary level given her exertional limitations, then the ALJ must consult a vocational expert to determine whether there are sufficient jobs at the sedentary work level within the national economy that [the claimant] can perform.").

In sum, this Court's recommendation for remand based on the ALJ's failure to consult a VE should in no way be construed as a comment on whether Plaintiff is "disabled" as defined by the Social Security Act. Rather, the recommendation for remand is based on the determination that a VE should have been consulted during step five of the sequential evaluation process.

---

[7]The Court acknowledges that under Phillips, if nonexertional limitations were the only consideration (*i.e.*, Plaintiff could perform a full range of or unlimited types of work at sedentary level despite exertional limitations), the ALJ may rely on the Grids without obtaining VE testimony so long as those nonexertional limitations do not "significantly limit [Plaintiff's] basic work skills" at a given exertional level. Phillips, 357 F.3d at 1243. Here, however, the ALJ concluded that Plaintiff has exertional limitations that prevented performance of the full range of sedentary work. R. 18.

## IV. CONCLUSION

For the reasons described above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** for further consideration by the Commissioner consistent with this opinion.

SO REPORTED and RECOMMENDED this ___ day of August, 2007, at Augusta, Georgia.

                                        W. LEON BARFIELD
                                        UNITED STATES MAGISTRATE JUDGE