IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

KIMBERLY BOULINEAU,            )
                               )
   Plaintiff,                  )
                               )
v.                             )    CV106-116
                               )
MICHAEL J. ASTRUE, Commissioner )
of Social Security Administration, )
                               )
   Defendant.                  )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In his objections, the Commissioner argues for the first time that the Administrative Law Judge ("ALJ") made a typographical error in his opinion concerning the finding that Plaintiff had exertional limitations preventing her from performing the full range of sedentary work. (Doc. no. 13, p. 4). According to the Commissioner, the ALJ meant to write that non-exertional limitations prevented Plaintiff from performing the full range of sedentary work, and given that the ALJ really did not mean that Plaintiff had exertional limitations inconsistent with the ability to perform the full range of sedentary work, the ALJ was not - as the Magistrate Judge concluded - required to obtain testimony from a Vocational Expert. Therefore, the Commissioner argues that the Magistrate Judge's recommendation for reversal and remand

should be rejected because the analysis is based on this "clear" typographical error. (Id.). The Court disagrees.

As the Commissioner correctly concedes, "[I]t is not the policy of Federal Courts to accept post-hoc rationalizations for an administrative decision." (Id.). Moreover, in the finding prior to the one in which the Commissioner maintains the error occurred, the ALJ stated that Plaintiff had the residual functional capacity to perform a "significant" - not full - range of sedentary work, (R.18, Finding 9), and the ALJ cited 20 C.F.R. § 416.967, a regulation entitled "Physical exertion requirement." Thus, contrary to the Commissioner's argument, it is not "clear" that a typographical error occurred in the ALJ's next finding that Plaintiff's exertional limitations do not allow her to perform the full range of sedentary work (R. 18, Finding 10). Although the Commissioner may now wish to assign a different meaning the words in the ALJ's opinion, this Court declines to suppose that the ALJ meant anything other than what he wrote.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** to the Commissioner for further consideration in accordance with the Court's opinion.

SO ORDERED this 27TH day of August, 2007, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

2